UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KEITH LAUTER | CIVIL ACTION |
| VERSUS | |
| SZR SECOND BATON ROUGE ASSISTED LIVING, LLC, ET AL. | NO. 20-813-BAJ-RLB |

## ORDER

Before the Court is Defendant SZR Second Baton Rouge Assisted Living, LLC's ("SZR") Motion to Compel filed on April 23, 2021. (R. Doc. 15). The deadline for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed. Also before the Court is a Motion for Leave to File a Reply (R. Doc. 18), also filed by SZR.

SZR served its First Set of Interrogatories and Requests for Production of Documents on March 15, 2021. (R. Doc. 15-2).[1] Plaintiff had 30 days to respond to the written discovery requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).

On April 15, 2021, having not received any responses, SZR's counsel contacted Plaintiff's counsel by e-mail, stating that if responses were not received by April 22, 2021, SZR would file a motion to compel. (R. Doc. 15-3 at 1). Plaintiff's counsel responded that they were "working on responses" and that a motion to compel "should not be necessary." (R. Doc. 15-3 at 1).

On April 23, 2021, having still not received discovery responses, SZR filed the instant Motion to Compel. (R. Doc. 15). The Motion to Compel is accompanied by a Rule 37(a)(1)

---

[1] SZR served the discovery on Plaintiff's counsel, Harry Johnson, who was not admitted to practice in this district at the time of removal and service of the discovery at issue. (*See* R. Docs. 2, 10). On April 7, 2021, a second attorney, Douglas A. Foster, was allowed to enroll as Plaintiff's counsel of record. (R. Doc. 13). On May 3, 2021, Mr. Johnson was allowed to enroll as Plaintiff's counsel of record. (R. Doc. 17).

1

certificate. (R. Doc. 15-4). SZR seeks an order requiring Plaintiff to respond to the written discovery requests, without objection, and to pay reasonable expenses incurred in making the instant motion. Plaintiff did not file any opposition or response challenging the relief sought or otherwise explaining Plaintiff's delay in responding to the discovery requests.

As Plaintiff did not make any timely objections to SZR's written discovery requests, the Court finds that Plaintiff has waived his objections to the discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). Accordingly, the Court will require Plaintiff to provide responses to SZR's First Set of Interrogatories and Requests for Production of Documents (R. Doc. 15-2) without any objections other than those pertaining to any applicable privileges or immunities.

While it is disconcerting that Plaintiff did not file an opposition to the instant Motion to Compel, the Court will not award SZR the recovery of reasonable expenses incurred in making the instant motion, including attorney's fees, under Rule 37(a)(5) of the Federal Rules of Civil Procedure. The Court must not order this payment if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5)(A)(i).

SZR did not meet the requirements of Rule 37(a)(1), which provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to

confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The record indicates that on April 15, 2021, SZR made a single attempt through email to obtain supplemental responses under threat of filing a motion to compel. This correspondence does not satisfy the requirements of Rule 37(a)(1). *See Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633, ECF No, 75 (M.D. La. July 3, 2014) (denying motion to compel where counsel sent single email demanding that full and complete responses to written discovery be provided by a certain date or a motion to compel would be filed); *see Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001) (Rule 37(a)(1)'s meet-and-confer "prerequisite is not an empty formality" and "cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue"); *Dimitric v. Tex. A & M Univ.*, No. 06-107, 2007 WL 1090982, at *1 (S.D. Tex. April 9, 2007) ("Prior to filing this Motion, Dimitric did not confer, except through an [e-mail], with defense counsel . . . . For this reason, alone, his Motion should be denied."); *Antonis v. Elecs. for Imaging, Inc.*, No. 07-163, 2008 WL 169955, at *1 (D.N.H. Jan. 16, 2008) ("[A]s a general principle, simply reiterating demands for production in a series of emails probably does not meet the requirement that the parties confer in good faith about discovery issues before invoking judicial remedies."); *Robinson v. Napolitano*, No. 08-4084, 2009 WL 1586959, at *3 (D.S.D. June 4, 2009) ("Nor is the meet-and-confer requirement satisfied by the sending of a letter that indicated that a motion to compel would be filed if the opposing party did not comply with discovery requests.").

In addition, the Court's scheduling order informed the parties that "[a]ny motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving

3

the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice. (R. Doc. 9 at 2). SZR's counsel makes no such representation in support of the instant Motion to Compel.

In the proposed Reply (R. Doc. 18-2), SZR outlines steps that "SZR has taken to try to resolve this issue without court intervention." (R. 18-2 at 1). While those efforts may be sufficient to satisfy counsel's obligations prior to filing the Motion to Compel, that is not the case here. The purpose of such requirement – to avoid court involvement in such disputes – would be meaningless if counsel's approach (file first, confer later) was then granted the relief of fees and costs under Rule 37.

For the foregoing reasons,

**IT IS ORDERED** that SZR's Motion to Compel (R. Doc. 15) is **GRANTED**. Plaintiff must provide responses to SZR's First Set of Interrogatories and Requests for Production of Documents (R. Doc. 15-2), without any objections other than those pertaining to any applicable privileges or immunities, **within 7 days of the date of this Order**, or as otherwise agreed upon by the parties. Failure to comply with this Order will result in sanctions against plaintiff and/or plaintiff's counsel. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that the Motion for Leave to File a Reply (R. Doc. 18) is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on May 18, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**