UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH LAUTER** | **CIVIL ACTION** |
| **VERSUS** | |
| **SZR SECOND BATON ROUGE ASSISTED LIVING, LLC, ET AL.** | **NO. 20-813-BAJ-RLB** |

### ORDER

Before the Court is Defendant SZR Second Baton Rouge Assisted Living, L.L.C., d/b/a Sunrise Senior Living's ("SZR") Motion to Strike Plaintiff's Expert. (R. Doc. 37). The motion is opposed. (R. Doc. 43).

**I.     Background**

On or about October 5, 2020, Keith Lauter, individually and on behalf of the Estate of his mother Mattie Lauter, ("Plaintiff") initiated this action in State Court naming as the defendant SZR and an unidentified employee of Defendant. (R. Doc. 1-1 at 3-6). Plaintiff alleges that Ms. Lauter and her family had contracted with SZR "for various assisted living services, including the providing of safe transportation to and from doctor appointments." (R. Doc. 1-1 at 3). Plaintiff further alleges that on October 8, 2019, Ms. Lauter was "leaving a doctor's appointment at Baton Rouge General under the supervision, custody, and care" of one of SZR's employees when she was left unattended, fell, and ultimately died as a result of her injuries from the fall. (R. Doc. 1-1 at 4-5).

On December 2, 2020, SZR removed the action, asserting that the Court can exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1).[1]

---

[1] SZR has moved for summary judgment on the basis that it is the wrong entity identified as the defendant. (R. Doc. 20). This motion remains pending before the district judge. The Court has since entered into the record Plaintiff's First Amended and Supplemental Petition for Damages, which names HCRI Sun Two Baton Rouge La Senior

On January 28, 2021, the parties submitted a Joint Status Report requesting the Court to establish certain deadlines, including the deadline for Plaintiff to disclose the identities and resumes of experts on August 2, 2021, the deadline for Plaintiff to provide expert reports on September 2, 2021, the deadline to complete discovery on December 1, 2021, and the deadline to file dispositive motions and Daubert motions on January 3, 2022. (R. Doc. 9).

On August 2, 2021, Plaintiff filed a Motion for Extension of Time to Disclose Identities of Experts and Resumes. (R. Doc. 24). In the motion, Plaintiff stated that "Dr. Venkat Banda with the Baton Rouge General is one of Plaintiff's experts to be designated," and Dr. Banda is expected to testify about the injury, treatment and cause of death for Mattie Lauter." (R. Doc. 24-1 at 2). The Court held a hearing, and granted the foregoing motion, extending, in relevant part, the deadline for Plaintiff to disclose the identities and resumes of experts on August 23, 2021, the deadline for Plaintiff to provide expert reports on September 23, 2021, the deadline to complete discovery on December 22, 2021, and the deadline to file dispositive motions and Daubert motions on January 24, 2022. (R. Doc. 28).

On August 23, 2021, Plaintiff's counsel sent defense counsel a letter identifying Dr. Banda as an expert under Rule 26(a)(2)(B), further stating the following:

> Dr. Banda is anticipated to provide expert testimony in the field of internal medicine, regarding his treatment of the Decedent and the cause of her death. While the Plaintiff is unsure as to exactly what testimony Dr. Banta will provide, it is reasonably anticipated that he will opine that Mattie Lauter sustained injury as a result of the sued upon incident and died as a result of the injuries sustained. CV has been requested and has not been received. We will supplement the CV upon receipt.

(R. Doc. 37-2). SZR represents that counsel conferred by telephone that day with respect to Dr. Banda's CV, and Plaintiff's counsel "acknowledged that SZR is entitled to Dr.

---

Living, LLC ("HCRI") and Sunrise Senior Living Management Inc. ("SSLM") as additional defendants. (R. Doc. 41).

Banda's CV, but explained that to date Dr. Banda has not agreed to be an expert in this case and has refused to produce his CV" absent a subpoena. (R. Doc. 37-1 at 2-3).

On August 31, 2021, SZR filed the instant Motion to Strike Plaintiff's Expert. (R. Doc. 37). SZR now requests that Dr. Banda be excluded from testifying as an expert in this matter given the failure to produce a CV on the deadline set by the Court. In opposition, Plaintiff argues that because Dr. Banda is a treating physician, he need not provide an expert report under Rule 26(a)(2)(B). (R. Doc. 43 at 2-4). Plaintiff argues that the Court should deny SZR's motion because "Dr. Banda is a fact witness" and "[a]ny testify given at trial by Dr. Banda will be limited to an intelligent evaluation of the facts from the vantagepoint as Mrs. Mattie Lauter's treating and attending physician at the time of her death." (R. Doc. 43 at 4). Plaintiff further argues that his "failure to turn over Dr. Banda's CV does not prejudice Defendant's ability to assess Dr. Banda's credentials, because his credentials are not at issue here, not would credentials be relevant to any fact witness testimony." (R. Doc. 43 at 4-5).

## II. Law and Analysis

### A. Legal Standards

Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure requires disclosure of the identities of all expert witnesses within the timeframe and sequence ordered by the Court.

Under Rule 37(c)(1), if a party fails to provide expert disclosures within the established deadlines, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." The exclusion "is mandatory and automatic unless the party demonstrates substantial justification or harmlessness." *Red Dot Bldgs. v. Jacob Technology, Inc.*, No. 11-1142, 2012 WL 2061904, at *3 (E.D. La. June 7, 2012); *see also Lampe Berger USA, Inc. v. Scentier, Inc.*, No. 04-354, 2008

WL 3386716, at *2 (M.D. La. Aug. 8, 2008) (noting that exclusion of non-disclosed expert testimony is automatic and mandatory unless the party can show substantial justification or harmlessness). When determining whether to strike evidence, including expert witnesses, under Rule 37(c)(1), trial courts should look to the same four factors articulated by the Fifth Circuit to determine whether good cause exists to modify a scheduling order under Rule 16 for guidance: (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (applying factors to determine whether district court abused its discretion in striking testimony).

There are two types of testifying experts who must be disclosed pursuant to Rule 26—witnesses who must provide a written report pursuant to Rule 26(a)(2)(B) and witnesses who do not provide a written report pursuant to Rule 26(a)(2)(C). The disclosure of expert witnesses who must provide a written report must be "accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The expert reports must contain the following: (1) "a complete statement of all opinions the witness will express and the basis and reasons for them"; (2) "the facts or data considered by the witness in forming them"; (3) "any exhibits that will be used to summarize or support them"; (4) "the witness's qualifications, including a list of all publications authored in the previous 10 years"; (5) a list of cases in which the expert testified during the previous four years; and (6) a statement of the compensation received by the expert for his study and testimony. Fed. R. Civ. P. 26(a)(2)(B).

4

Where an expert witnesses "is not required to provide a written report, [the expert] disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). This requirement was added to Rule 26(a) in 2010. *See* 2010 Advisory Committee Notes to Rule 26(a) ("Rule 26(a)(2)(C) is added to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions. This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have. This amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement. An (a)(2)(B) report is required only from an expert described in (a)(2)(B). A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.").

**B.    Analysis**

The issue before the Court is whether Dr. Banda shall be precluded from providing expert testimony for failure to timely disclose a resume or CV by the deadline required by the Court.

5

The Court set the deadline for Plaintiff to disclose the identities and resumes of experts on August 2, 2021. (R. Doc. 9). On August 2, 2021, Plaintiff sought an extension of this deadline, specifically stating that he was seeking to name Dr. Banda as an expert and needed additional time to obtain his resume/CV for disclosure. (R. Doc. 24-1 at 2). The Court then extended the deadline for Plaintiff to disclose the identities and resumes of experts to August 23, 2021. (R. Doc. 28). On August 23, 2021, Plaintiff specifically stated that he was seeking to identify Dr. Banda as an expert under Rule 26(a)(2)(B), further stating that "Dr. Banda is anticipated to provide expert testimony in the field of internal medicine, regarding his treatment of the Decedent and the cause of her death." (R. Doc. 37-2). While Plaintiff provided the identify of Dr. Banda, he has not provided the resume or CV of Dr. Banda.

Plaintiff does not argue that he is seeking to identify Dr. Banda as an expert witness who is not required to provide a written report under Rule 26(a)(2)(C). Instead, Plaintiff argues that Dr. Banda is a fact witness "despite Defendant's assertions that he is an expert witness that must be disclosed." (R. Doc. 43 at 5).

To be clear, the testimony of a treating physician who is not designated as an expert under Rule 26 is limited to lay testimony regarding treatment. *See Sheppard v. Liberty Mut. Ins. Co.*, No. 16-2401, 2017 WL 467092, at *2 (E.D. La. Feb. 2, 2017) ("[T]reating physicians who did not provide either a report or disclosure under Rule 26 are limited to lay testimony, and may not testify regarding the diagnosis or causation of Sheppard's alleged illnesses."); *see also Robert v. Maurice*, No. 18-11632, 2020 WL 5046487, at *4 (E.D. La. Aug. 26, 2020) (while lay witnesses may offer opinions, they may not testify concerning any opinions based on scientific, technical, or other specialized knowledge within the scope of Rule 702 of the Federal Rules of Evidence). When properly disclosed as an expert pursuant to Rule 26(a)(2)(C), however, "non-

6

retained experts such as treating physicians may testify beyond their personal knowledge, as long as they base their expert opinions on 'facts or data obtained or observed in the course of the sequence of events giving rise to the litigation.'" *See Talbot v. Elec. Ins. Co.*, No. 17-299, 2018 WL 6257110, at *3 (M.D. La. Nov. 29, 2018) (quoting *LaShip, LLC v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013)).

In failing to argue that Dr. Banda has been properly disclosed as an expert under Rule 26(a)(2)(C), it appears that Plaintiff has erroneously relied on decisional law pre-dating the 2010 amendments to Rule 26. (*See* R. Doc. 43 at 3-4). For example, Plaintiff relies on *Kim v. Time Ins. Co.*, 267 F.R.D. 499 (S.D. Tex. June 5, 2008) for the proposition that a treating physician need not provide an expert report under Rule 26(a)(2)(B) to provide expert testimony regarding treatment. (R. Doc. 43 at 3-4 n.3-7). The *Kim* decision, however, predates the 2010 amendments to Rule 26(a)(2), and, therefore, "did not address the scope of the disclosures required for a nonretained expert that must now be made under Rule 26(a)(2)(C) as a result of the 2010 amendments to this rule." *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 16-2255, 2019 WL 1436659, at *7 (N.D. Tex. Mar. 31, 2019). While it is true that a treating physician need not provide an expert report under Rule 26(a)(2)(B), for over ten years the Federal Rules of Civil Procedure have required a treating physician to provide a summary under Rule 26(a)(2)(C) in order to testify as an expert.

Given that Plaintiff is no longer seeking disclosure of Dr. Banda as an expert under Rule 26(a)(2)(B), the Court will grant SZR's Motion to Strike to the extent Plaintiff sought disclosure of Dr. Banda as an expert under Rule 26(a)(2)(B). To the extent Plaintiff is seeking to name Dr. Banda as an expert under Rule 26(a)(2)(C), Plaintiff must provide the information required by Rule 26(a)(2)(C) (if not already provided) on or before September 23, 2021. None of the

defendants will be prejudiced by this deadline, given that Dr. Banda was previously identified as an expert, and September 23, 2021 is the deadline for Plaintiff to provide complete expert reports for any experts identified under Rule 26(a)(2)(B).

### III. Conclusion

**IT IS ORDERED** that Defendant's Motion to Strike Plaintiff's Expert (R. Doc. 37) is **GRANTED** to the extent it seeks to strike Dr. Banda as an expert under Rule 26(a)(2)(B).

Signed in Baton Rouge, Louisiana, on September 21, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**